UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

GERALDINE M. WASHECHEK,                              Case No. _____

        Plaintiff,

vs.

PENN CREDIT CORPORATION,

        Defendant.

# COMPLAINT

NOW COMES, Plaintiff, Geraldine M. Washechek, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant, Penn Credit Corporation (hereinafter "Penn Credit"), and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendant, despite the protection of the discharge injunction under 11 U.S.C. §524.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"); the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §101 *et seq.*; and the Wisconsin Consumer Act, Wis. State § 427 *et seq*. ("WCA").

Drafted by:
Nathan E. DeLadurantey
SBN 1063937
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI  53233
(414) 377-0515; Fax (414) 755-0860
Nathan@dela-law.com

## Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the Fair Debt Collection Practices Act under 28 U.S.C. § 1331, because this case arises under the laws of the United States. This Court also has jurisdiction under 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. This Court has jurisdiction over the claims arising under the United States Bankruptcy Code under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. § 1367, because the Wisconsin Consumer Act claims are related to the Fair Debt Collection Practices Act claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Penn Credit is a foreign corporation, with a principal place of business in Pennsylvania. They are subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

## Parties

8. Geraldine M. Washechek resides at 7979 N. 66th Street, Apartment 2, Milwaukee, WI 53223.

9. Penn Credit is a foreign corporation located at 916 South 14th St., Harrisburg, PA 17104.

## BACKGROUND

10. On April 20, 2012, Ms. Washechek filed for relief under Chapter 7 of the Bankruptcy Code through her attorney, Nathan E. DeLadurantey, of DeLadurantey Law Office, LLC. *See* **Exhibit A**.

11. Before the filing of her Chapter 7 case on April 20, 2012, Ms. Washechek incurred a financial obligation to Publishers Clearing House that was primarily for personal, family or household purposes and that was unsecured in nature.

12. Sometime before the filing of her Chapter 7 case on April 20, 2012, Publishers Clearing House hired Penn Credit to collect on the account.

13. On August 24, 2012, the Clerk of the Bankruptcy Court sent notice of the "Notice of Chapter 7 Discharge" to Penn Credit at their mailing address and Publishers Clearing House at their electronic address. *See* **Exhibit B**.

14. Penn Credit had actual notice that Ms. Washechek's bankruptcy case had been discharged.

15. On November 6, 2012, Penn Credit sent a collections letter to Ms. Washechek. *See* **Exhibit C.**

16. On December 11, 2012, Penn Credit sent another collections letter to Ms. Martin-Washechek. *See* **Exhibit D.**

17. Ms. Washechek signed a "Verification of Complaint and Certification" regarding this complaint. *See* **Exhibit E.**

## Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The communications sent to Plaintiff by the Defendants violated the FDCPA because they are false representations of the legal status of the debt and therefore in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

20. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.

21. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from the Defendant.

### Count 2 – Violation of the Discharge Injunction

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Pursuant to 11 U.S.C. §524, the discharge injunction operates to prohibit creditors from attempting to collect on debts that have been discharged.

24. Penn Credit had actual notice of Ms. Washechek's Chapter 7 bankruptcy discharge.

25. Defendant willfully and knowingly violated the discharge injunction by attempting to collect the debt after the debts had been discharged.

### Count 3 – Violation of the Wisconsin Consumer Act (Wis. Stat. §427.104(h))

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Penn Credit is a debt collector pursuant to Wis. Stat. §427.103(3).

28. Wis. Stat. §427.104(1)(h) provides that "[i]n attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, …a debt collector may not: [e]ngage in other conduct which can reasonably be expected to threaten or harass the customer."

29. Attempting to collect a debt with actual knowledge that the debt had been discharged can be expected to harass the customer.

30. Penn Credit has actual and constructive knowledge of Ms. Washechek's discharge, but nonetheless attempted to collect this debt from her.

**Count 4 – Violation of the Wisconsin Consumer Act (Wis. Stat. §427.104(j)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Wis. Stat. §427.101(1)(j) provides that "[i]n attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, … a debt collector may not: [c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

33. Penn Credit has actual and constructive knowledge of Ms. Washechek's discharge, but nonetheless attempted to collect this debt from her.

**Trial by Jury**

34. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Washechek prays that this Court will enter an Order:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant for the Plaintiff;

B. for an award of statutory damages of $2,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant for the Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant;

D. declaring Penn Credit in willful violation of the discharge injunction;

E. awarding to Ms. Washechek actual damages, including attorney's fees and punitive damages for Penn Credit's violation of the discharge injunction;

F. awarding to Ms. Washechek actual and statutory damages, including attorney's fees and punitive damages for Penn Credit's violations of Wis. Stat. §427 *et al.;*

G. for an award of costs of litigation and reasonable attorney's fees pursuant to Wis. Stat. §425.308 against the Defendant; and

H. for such other and further relief as may be just and proper.

Dated this 8th day of January, 2012.

DeLadurantey Law Office, LLC

/s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey
State Bar No. 1063937
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com